**Appeal No. 22-13600**

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

Chris Kosachuk, Appellant,

vs.

LIZA HAZAN,

Appellee.

Appeal from United States District Court
Southern District of Florida
Miami Division
Case No. 1:22-cv-22351-RNS

**APPELLEE'S MOTION TO DISMISS APPEAL**

JOEL M. ARESTY, P.A.
Board Certified Business Bankruptcy Law
309 1st Ave S.
Tierra Verde, FL 33715
Phone: 305-904-1903
Fax: 1800-559-1870
/s/*Joel M. Aresty*
Joel M. Aresty
Fla. Bar No. 197483

*Counsel for Appellee*

Appellee, Liza Hazan (the "Appellee"), by and through her undersigned

counsel and pursuant to 11th Cir. R. 26.1, states that the following persons and entities

may have an interest in the outcome of this case or appeal:

Aaronson, Geoffrey S. – attorney for Appellee Liza Hazan Aaronson

Schantz, P.A. – firm representing Appellee Hazan

ADR Miami, LLC – former law firm representing NLG, LLC

America Asset Management, LLC – Assignee of Judgment against NLG, LLC Aresty,

Joel – attorney for Appellee Liza Hazan

Behar, Brian S. – attorney for Portefolio Onesource Advisor, LLC and Horizon

Hospitality, LLC

Behar Gutt & Glazer, P.A. – Law Firm representing Portefolio Onesource Advisor, LLC

and Horizon Hospitality, LLC

Board of Managers of Spencer Condominium –Condo Board in New York City

Bushell Law, P.A. – Law firm of record for Appellee Liza Hazan Bushell,

Daniel A. – attorney of record for Appellee Liza Hazan

Campbell, Elizabeth J. – Attorney for JMB Urban Development, LLC

Casamayor, Rebecca N. – attorney for Valencia Estates HOA

Charbonneau, Robert P. – attorney for Fuerst, Ittleman David & Joseph, P.L. Cristol,

Hon. A. Jay, United States Bankruptcy Judge

Diaz, Adam – attorney for US Bank

Dillworth, Drew – attorney for appointed receiver of NLG, LLC

Fischer, David – attorney for JMB Urban Development Partners

Fisher Island Community Association, Inc. – HOA of Appellee

Fox Rothschild LLP – Firm representing Alfred T. Giuliano, Interim Trustee for the Estate of NLG, LLC

Friedman, Michael A. – prior attorney of NLG, LLC

Fuerst, Ittleman David & Joseph, P.L. – prior attorney of NLG, LLC Furr, Robert C. – attorney for Spencer Condominium Association

Furr & Cohen, P.A. – firm for Spencer Condominium Association

Gabbe, Astrid E. – Former attorney for NLG, LLC

Genovese Joblove & Battista, P.A. – prior Law firm for NLG, LLC

Giuliano, Alfred T., Interim Trustee for the Estate of NLG, LLC

Gonzalez, Alexis, former attorney for NLG, LLC

Grant, Joey M. – attorney for Selective Advisors Group, LLC

Grove Resolutions, LLC – assignee of The Law Offices of Alexis Gonzalez's claim for legal fees against NLG, LLC

Gusrae, Robert A. - Attorney for Fisher Island Community Association

Haber, David B. – attorney for Valencia Estates Homeowners Association Haber Law P.A. – firm of David B. Haber

Harris, Jesse M. – Attorney for Alfred T. Giuliano, Interim Trustee for the Estate

of NLG, LLC

Hazan, Elizabeth a/k/a Hazan, Liza –Appellee

Horizon Hospitality Group, LLC

Hyman, Hon. Paul, United States Bankruptcy Judge

James B. Miller, P.A. – former attorney for NLG, LLC

JMB/Urban 900 Development Partners, Ltd.

JPMorgan Chase Bank, National Association

Kosachuk, Chris – Appellant

Langley, David W.

Law Offices of Alexis Gonzalez – prior Law firm for NLG, LLC

Law Offices of David W. Langley

Law Office of Robert A. Gusrae, Esq. - for Fisher Island Community Association

Leon Cosgrove LLC – attorney of record for JP Morgan Chase Bank

Locke Lord LLP – Firm for JMB Urban Development

Louis, Hon. Lauren F., United States Magistrate Judge

Marshall Grant, PLLC – Appellees' counsel McKeown,

Tamara – US Trustee

Meehan, Sean Neil – Manager of Selective Advisors Group, LLC and

Menkowitz, Michael G. – Attorney for Alfred T. Giuliano, Interim Trustee for the

Estate of NLG, LLC

Miller, James B. – prior attorney for NLG, LLC Moreno,

Hon. Federico A., United States District Judge

Office of the United States Trustee

Orizando, Alberto –former attorney for NLG, LLC

NLG, LLC

Popowitz, Ashley P. attorney for Real Time Resolutions, Inc.

Portefolio Onesource Advisor, LLC

Appellee Selective Advisors Group, LLC

Ramirez, Juan, Jr. –Former Attorney for NLG, LLC

Real Time Resolutions, Inc.

Ries, Heather – Attorney for Alfred T. Giuliano, Interim Trustee for the Estate of NLG, LLC

Rodriguez Hon. Jose, United States District Judge S&S

Collections, Inc.

Scola, Hon. Robert N. – United States District Judge

Selective Advisors Group, LLC

SHD Legal Group P.A. – law firm for U.S. Bank National Association

Shir Law Group, P.A. – firm for Stuart Zoberg, Esq.

Silver, Eric J. – attorney for formerly appointed receiver of NLG, LLC

Simon, Michael W. – attorney for Appellee Liza Hazan

Simon & Sigalos, LLP – firm of Michael W. Simon

6913 Valencia, LLC – holder of mortgage on the Fisher Island Property

Smith, Hon. Rodney, United States District Judge

Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.- Law Firm former receiver

of NLG, LLC

Stickles, Hon. J. Kate, United States Bankruptcy Judge

Trustee Alfred T. Giuliano, as Interim Trustee for the Estate of NLG, LLC

United States Trustee for Region 21

U.S. Bank National Association

Valencia Estates Homeowners' Association, Inc. –HOA of the Fisher Island Property

Zaron, Andrew D. – attorney of record for JP Morgan Chase Bank Zoberg,

Stuart – attorney for Appellee

No publicly traded company or corporation has an interest in the outcome of this case

or appeal.

Dated: April 7, 2023.

Respectfully submitted,

JOEL M. ARESTY, P.A.
Board Certified Business Bankruptcy Law
Counsel for Appellee
309 1st Ave S
Tierra Verde, FL 33715

Phone: 305-904-1903
Fax: 1800-559-1870


By:/s/ Joel M. Aresty
Joel M. Aresty
Fla. Bar No. 197483
E-mail:
Aresty@icloud.com

*Attorneys for Appellee/Reorganized Discharged, Liza Hazan a/k/a Elizabeth Hazan*


## CERTIFICATE OF FILING AND SERVICE

I HEREBY CERTIFY that on this 7th day April, 2023, I caused this *Certificate of Interested Persons and Corporate Disclosure Statement* to be filed electronically using the CM/ECF System.


/s/*Joel M. Aresty*
Joel M. Aresty

## APPELLEE'S MOTION TO DISMISS

Appellee Liza Hazan a/k/a Elizabeth Hazan ("Hazan"), by and through her undersigned counsel, respectfully moves the Court for an order granting her Motion to dismiss appeal and in support states as follows:

1.    In this appeal from the United States District Court for the Southern District of Florida, the Appellant, Chris Kosachuk, ("Kosachuk") has appealed to this Court from an order of the Honorable Judge Scola affirming the Order of the Honorable Judge A. Jay Cristol Denying Kosachuk's Motion to Dismiss Appellee's Bankruptcy case [D.E. 1221], filed on July 18, 2022, of U.S. Bankruptcy Judge A. Jay Cristol and entered on the docket on July 18, 2022 in this case (the "Order") (the "Appealed Order Denying Motion to Dismiss" or "the Order").

2.    In this appeal, non party non creditor Kosachuk purports to challenge Judge A. Jay Cristol Order denying Kosachuk's Motion to Dismiss the reorganized and Discharged Debtor Hazan successful chapter 11 confirmed plan, despite that Kosachuk had no right to file the Motion to Dismiss as he lacks standing in Hazan's bankruptcy case.

3.    In his opening brief, non creditor Kosachuk has asked this Court to reverse the Bankruptcy Order denying his Motion to dismiss[1] the bankruptcy case based on his contentions that: (a) the Plan of Reorganization—which the Bankruptcy

Court has recognized that Ms. Hazan has already substantially consummated by paying all allowed unsecured claims—supposedly was not financially viable; (b) the Disclosure Statement for the Plan (approved in an order that Kosachuk or NLG did not appeal) supposedly did not provide adequate information for the creditors that (unlike Kosachuk or NLG) were entitled to vote on the Plan; (c) the Plan supposedly violated the United States Bankruptcy Code by "modifying" a secured claim on the debtor's principal residence; and (d) the Bankruptcy Court supposedly ignored the commission of wholesale fraud on the court; (e) the Confirmed Plan has 80 defaults; (f) this Court should dismiss the Bankruptcy case. These arguments raise factually dense financial (and other) issues that require extended responses despite their lack of merit.

4.    But it is unlikely that this Court will ever reach Kosachuk's arguments on the merits due to multiple problems with Kosachuk pursuing this appeal in the first instance.

First, because Kosachuk never filed a claim, and his company NLG's claim was completely disallowed, Kosachuk and NLG lack standing to challenge the Confirmation Order and the Discharge Order. *See, e.g., In re Kreisler Group, Inc*., 648 F.2d 86, 88 (2d Cir. 1981) ("Seventh Avenue also attacks Judge Ryan's determinations that the plan of arrangement was feasible and in the best interests of the creditors. We think that with respect to these and Seventh Avenue's other

objections to the confirmation of the plan of arrangement, Seventh Avenue now has no standing to object, in view of the valid determination that it is not a creditor."); *In re Charter Co*., 92 B.R. 510, 513 (M.D. Fla. 1988) (finding alleged claimant whose claim was disallowed lacked standing to appeal plan confirmation because "[a]bsent a claim, class appellant was not an interested party when the order of confirmation entered and is not now 'directly and adversely affected pecuniarily' by the plan."); *In re Pawlowski*, 428 B.R. 545, 552 (E.D.N.Y. 2009). On April 20, 2022, the Court dismissed NLG's appeal of the Confirmation Order as equitably moot. *See* (M.C. 1089). On September 1, 2021 the Eleventh Circuit Court of Appeals upheld the Judge Smith Order dismissing NLG's appeal of the Final Judgment that disallowed NLG's claims against Hazan or her Fisher Island property under the note, the Mortgage or any court order. **See Opinion entered in Case 19- 14049**. (M.C. 1067).

5.Second, because Ms. Hazan has substantially consummated her Plan of Reorganization, paying hundreds of thousands of dollars pursuant to the Plan to secured creditors as well as to resolve allowed unsecured claims, Kosachuk's appeal is equitably moot. *See, e.g., Bennett v. Jefferson County, Alabama*, 899 F.3d 1240, 1248 (11th Cir. 2018) (holding district court erred in failing to dismiss appeal of confirmation order based on equitable mootness due to plan being substantially consummated and explaining that "[t]he facts will weigh in favor of

finding equitable mootness when allowing an appeal to go forward will impinge upon actions taken to one's detriment in 'good faith reliance on a [final and unstayed] judgment.'") (quoting *First Union Real Estate Equity & Mortg. Invs. v. Club Assocs. (In re Club Assocs.)*, 956 F.2d 1065, 1069–70 (11th Cir. 1992)) (alterations in original).

6.Based on these fatal flaws, Ms. Hazan is respectfully asking the Court to grant her Motion to dismiss this appeal with prejudice, in which she will describe in greater detail why the appeal should not proceed to the merits.

7.Chris Kosachuk is the alleged former principal of NLG, LLC ("NLG"). On September 24, 2021, Kosachuk filed an Involuntary Chapter 7 Petition against NLG in the U.S. Bankruptcy Court for the District of Delaware, and an Order for Relief was entered on January 7, 2022. On the same day, the United States Trustee appointed the NLG Trustee as the interim Chapter 7 trustee in the NLG Delaware Case, which appointment remains in effect.

8.In an adversary proceeding, the Bankruptcy Court entered a Final judgment against NLG in favor of Elizabeth Hazan and Selective Advisors Group, LLC on Counts I, II and III which found that NLG's Proof of Claim #17 was untimely, disallowed, and that "***NLG has no standing in this case***...." (BK A.P. C.P. No. 289) (emphasis added) (the "Final Judgment").

 9. Following entry of the Final Judgment, the Bankruptcy Court conducted a hearing which confirmed the Appellee's plan on June 12, 2018. (BK M.C.C.P. 691).

10.     Thereafter, and consistent with the terms of the Plan, the Appellee substantially consummated the Plan by, among other things, making all Plan payments due to the unsecured creditors and other creditors.

11.     On December 7, 2018, the Court Granted Ms. Hazan a Discharge.

12.     Chris Kosachuk, who has not filed a proof of claim or otherwise participated in an individual capacity in Hazan's bankruptcy case, lacks standing.

13.     Because Kosachuk lacks standing to appeal the Appealed Order to dismiss Ms. Hazan Chapter 11 case and the Plan's substantial consummation, this appeal has been rendered moot.

14.     Accordingly, rather this Court does not need to address the issues raised or briefed on appeal and the appeal should be dismissed.

15.     WHEREFORE, Appellee Liza Hazan a/k/a Elizabeth Hazan respectfully requests the Court to enter an order granting Appellee Liza Hazan a/k/a Elizabeth Hazan's Motion to dismiss appeal, and granting such further relief as the court may deem just and equitable.

### **Relevant Factual Background**

1.     On January 11, 2016, Appellee filed for Chapter 11 bankruptcy protection. (BK

M.C. C.P. 1).

2.      On August 21, 2016, the Appellee commenced the Adversary
Proceeding against Appellant Kosachuk's company NLG. (BK A.P. C.P. 1).

3.      On January 3, 2018, the Appellee filed its Third Amended
Complaint in the Adversary Proceeding which sought, among other things: (i)
Count I – to determine the extent, validity, and priority of NLG LLC's claim of
lien; (ii) Count II – to avoid NLG, LLC's security interest pursuant to § 544; (iii)
and (III) to Quiet Title (the "Counts").

4.      The Court conducted a trial in the Adversary Proceeding on July 13,
2017. (BK A.P. C.P 188).

5.      Following the trial, on November 1, 2017, the Bankruptcy Court
entered the Unstayed Final Judgment. (BK A.P. C.P. No. 238).

6.      The Unstayed Judgment provides, in relevant part:

   a.   "NLG's Proof of Claim #17, having been filed after the bar date, it is
        disallowed, and the Court finds that NLG has no standing in this case
        based upon the Note, Mortgage, claim or lien emanating therefrom."
        *Id.* at p. 13.

   b.   "NLG, LLC's judgment on the promissory note, the Scola Judgment,
        recorded at Book 26406, Page 3259-3260, CFN2008R0446831, also
        recorded at Book 26357 Pages 3948-3949 CFN20080361591, the Note
        and the Mortgage recorded at Book 25559 Pages 4266-4272
        CFN2007R0410013, NLG, LLC's foreclosure Judgment entered in
        favor of NLG and against Elizabeth Hazan on December 4, 2015, the
        Gordo Foreclosure Judgment, recorded at Book 29902 Pages 3737-
        3742 CFN 20150812181 affecting Debtor's homestead Property known
        as 6913 Valencia Drive, Miami, Florida 33109 with the following legal
        description:

        LOT 7, Block 2, LINDISFARNE ON FISHER ISLAND SECTION 10
        according

to the Plat thereof, recorded in PLAT Book 157, Page 64, of the Public Records of Miami-Dade County, Florida

have been satisfied and paid, and are deemed **SATISFIED OF RECORD**, and Debtor has good title to said Property against the claims or purported claims by, through, under, or against it by NLG, LLC and the title to the Property is forever quieted as to all claims of NLG, LLC."

c.  "NLG's Proof of Claim #17 is disallowed and NLG, LLC has no claim against the Debtor, Liza Hazan a/k/a Elizabeth Hazan, under the Note, Mortgage or any court order." *Id.* at p. 14.

7.    On November 8, 2017, NLG filed a notice of appeal of the Unstayed Judgment. (BK A.P. 243).

8.    Based on the Judgment, the Appellee proceeded to plan confirmation. On November 15, 2017, she filed her Fifth Amended Disclosure Statement (the "Disclosure Statement") (BK M.C. C.P. 562) and Fourth Amended Plan of Reorganization (the "Plan").  (BK M.C. C.P. 563).

9.    On December 13, 2017, the Court approved the Appellee's Disclosure Statement (BK M.C. C.P. 562) for its Plan.  (BK M.C. C.P. 580). NLG never filed an appeal.

10.    After conducting a properly noticed confirmation hearing on May 30, 2018 (the "Confirmation Hearing"), on June 12, 2018, the Bankruptcy Court entered the Appealed Confirmation Order which confirmed the Plan.  (BK M.C. C.P. 691). At the Confirmation Hearing, Bankruptcy Judge A. Jay Cristol recognized and cautioned NLG that appeals can become  moot if a stay is in place in the bankruptcy court:

MR. LANGLEY: Very good. Thank you, Judge.
 8 We have essentially worked out every

9 other -- agreements with every other creditor. I don't
10 know that anybody is actually objecting from NLG. If we
11 need to address that, we will.
12 MR. RAMIREZ: Yes. Well, I just want to
13 make sure the Court realizes that we have an appeal
14 pending, and the appeal was reinstated by Judge Gayles.
15 Now they have raised the fact that they don't think your
16 final order that you entered in the adversary proceeding
17 was, indeed, a final order, so they are -- raised that
18 now. So if that is not a final order, then that is still
19 pending before you in this -- in this case.
20 THE COURT: And has there been a supercedes
21 entered in that case?
22 MR. LANGLEY: Yeah, nothing -- nothing
23 entered, Judge.
24 Mr. Ramirez is correct, there is an issue
25 pending before Judge Gayles on whether the final judgment
1 of November 1, that's the -- the name of the document,
2 whether it's actually final for appellate purposes. It
3 resolved three out of nine counts in the adversary, it
4 left some remaining to go to trial, so I think it pretty
5 clearly is not, but that's an issue for Judge Gayles.
6 For confirmation purposes, there's nothing
7 in the NLG matters that would affect confirmation. The
8 final judgment of November 1, 2017 is the law of the case
9 and it states that the mortgage has been satisfied, that
10 the claim has been disallowed, and that NLG has no
11 standing in this case.
12 The Tucker case that we cited to the Court
13 in our motion, and I have a copy if the Court would like
14 it, it stands for the -- it's a Middle District case, it
15 stands for the proposition that absent a motion for stay
16 relief, the pendency of an appeal is not an impediment to
17 confirmation.
18 So despite everything else that we're doing
19 with NLG ---
20 THE COURT: Well, it is not unless there is
21 a stay in place, but you're saying there is no stay.
22 MR. LANGLEY: There's no stay.
23 **THE COURT: Mr. Ramirez, do you agree there**
24 **is no stay?**
25 **MR. RAMIREZ: There is no stay, Judge.**
1 **THE COURT: Okay.**
2 **MR. RAMIREZ: But I just want to correct**
3 **that it's not the law of the case until the appellate case**
4 **is decided.**
5 **THE COURT: Well, but if something happens**
6 **in the interim, it may moot out the appeal, that's why it**
7 **makes a big difference. If there's a stay, then nothing**
8 **can happen until that matter is decided, but if there is**
9 **no stay and things go along a track to where they're not**

**10 reversible, then it possibly or probably would moot the**
**11 issue…….**

Transcript, May 30, 2018 Confirmation Hearing, pages 6 through 8. (BK M.C. C.P. 707).

11.    On June 12, 2018, the Bankruptcy Court entered the Confirmation Order Based on the judgment, the Reorganized Debtor proceeded to plan confirmation (BK M.C.C.P. 691).

12.    On June 13, 2018, the Bankruptcy Court entered an Order which administratively closed the bankruptcy case (the "Order Closing Bankruptcy Case"). (BK M.C. C.P. 692)

13.    On June 25, 2018, NLG filed the Notice of Appeal of the Confirmation Order. (BK M.C. C.P. 696); (D.E. 1).  The Notice of Appeal attaches a copy of the Confirmation Order and the Order Closing Bankruptcy Case.

14*.*    On July 5, 2018, the Appellee filed a *Motion to Reopen, Final Report and Motion for Discharge, and Motion for Entry of Final Decree and to Reclose* (the "Motion for Discharge"). (BK M.C. C.P. 703).  Among other things, the Motion for Discharge provides that the Appellee "has now completed all payments called for under the Confirmed Plan and Confirmation Order. The payments required by the plan have been distributed and all matters to be completed upon the effective date of the confirmed plan have been fulfilled or completed." *Id.* at p. 1 ⁋2.

15.    On July 10, 2018 Thereafter, Hazan filed her Amended Motion to Reopen this Chapter 11 case to grant the Reorganized Debtor's Discharge and enter a Final Decree and to re- close the case (BK M.C. C.P. 713) (the "Reopen and

Discharge Motion").

16.    On July 6, 2018, NLG nearly 8 months after lodging an appeal of the Unstayed Judgment, filed a motion for stay pending appeal. (BK A.P. C.P. 703). Moreover, the Unstayed Judgment was not stayed when the Bankruptcy Court entered the Appeal Order which confirmed the Debtor's Plan. Additionally, the Unstayed Judgment was active when the Appellee completed all payments required under the Plan.

17.    All NLG's Motions to Stay the Final Judgment in favor of Hazan and against NLG were denied by the Bankruptcy Court and the District Court (BK AP 16-01439-AJC. C.P. 308, 354,

356, 357) in Adv. case 16-01439-AJC.

18.    On December 7, 2018, the Bankruptcy Court entered the Order granting the Reopen and Discharge Motion (BK MC C.P. 766) (the "Discharge Order") which, among other things, granted Hazan a discharge and reopened the bankruptcy case "for the sole purpose of approving the Final Report and entering the Reorganized Debtor's discharge consistent with the terms of this order" and "pending the final disposition of all motions herein and the outstanding appeals, after which the Court will direct the Clerk of Court to enter a Final Decree closing this case."

19.    After entry of the Discharge Order, NLG filed its Motion to Compel which seeks, among other things, to require Hazan to complete post-confirmation reports although the case was administratively closed and no reports from July to November would have been due and she has obtained her discharge and filing

financial reports when prepetition property has revested into Hazan and Hazan has been discharged.

20.    Non creditor NLG and Kosachuk have no claim and have been continuing a pattern of never ending wasteful and vexatious litigation.

21.    On June 9, 2022, despite having no standing, Kosachuk filed a frivolous 215 page Motion to Dismiss Ms. Hazan's reorganized Chapter 11 case years after its confirmation and discharge. (BK MC C.P. 1161).

22.    On July 18, 2022, the court denied Kosachuk's Motion to Dismiss case with prejudice and ordered as follows: "THIS CAUSE came before the Court for hearing upon the Motion to Dismiss Case with Prejudice filed by Chris Kosachuk and the motion to strike the motion

to dismiss filed by the Debtor. The Court having reviewed both motions and for the reasons stated on the record at the hearing, it is

"ORDERED AND ADJUDGED that the Motion to Dismiss Case with Prejudice filed by Chris Kosachuk (ECF 1161) ...DENIED.(BK MC C.P. 1161) (BK MC C.P. 1221).

23.    On September 19, 2019, the U.S. District Court for the Southern District of Florida ("FLDC") Judge Rodney Smith Dismissed the NLG appeal of the Cristol Final Judgment concluding that the appeal was equitably moot, after being substantially consummated.

24.    On September 1, 2021, the U.S. Court of Appeals for the Eleventh Circuit ("USCA, 11th Cir.") affirmed Florida District Court Judge Rodney Smith's decision and order dismissing of the NLG's appeal of the Cristol Final Judgment.

25.    On October 25, 2021, the USCA, 11th Cir. entered an Order Denying NLG's Petition for Rehearing of its September 1, 2021, order dismissing the NLG appeal of the Cristol Final Judgment; (BK MC C.P. 1067).

26.    On November 23, 2021, the USCA, 11th Cir. Issued the Mandate; (BK M.C. C.P.

1067).

27.    On April 2, 2022, the Bankruptcy Court entered an Order finding Appellant Kosachuk in contempt of Court for filing a seventh lis pendens on Hazan's Fisher Island residence also ruling that "Having determined that Chris Kosachuk is in contempt of Court for filing the seventh lis pendens in violation of the Confirmation Order and discharge injunction." The Bankruptcy Court also threatened Mr. Kosachuk with "monetary sanctions [of $10,000/day] and

incarceration." (BK M.C. C.P. 1073).

28.     On April 20, 2022, the U.S. District Court for the Southern District of Florida ("FLDC") Judge Gayles entered an Order granting Hazan's Motion to dismiss NLG's appeal of the Confirmation Order. (BK MC C.P. 1089).

29.    On June 28, 2022, the Court entered an Order Granting Hazan's Expedited Motion for Contempt, to Strike eight lis pendens and to impose Sanctions. The Court determines that Christopher Kosachuk is in contempt of Court for filing the Eighth Lis Pendens in violation of the Confirmation Order, the Injunction Order and discharge injunction. The Court concluded that "The Court has stated on the record that Chris Kosachuk has no standing in this case, and the Court believes that his prior filings were improper efforts to prevent Ms. Hazan from selling or refinancing her property and completing her Plan. Should Kosachuk, or any agent or attorney acting on behalf of Kosachuk, take any action that results in the delay of the sale or refinancing of the Debtor's homestead property, the Court, upon the filing of an affidavit by Ms. Hazan or her counsel to that effect, will direct the United States Marshal to take Christopher Kosachuk into custody and to detain Mr. Kosachuk in custody until such time as Ms. Hazan is able to complete a closing on her homestead property." *See* Order Granting Hazan's Expedited Motion for Contempt, to Strike eight lis pendens and to impose Sanctionsentered on June 28, 2022. (BK M.C. C.P. 1205).

## KOSACHUK LACK OF STANDING

The Bankruptcy Court has previously ruled that "Chris Kosachuk, who has not filed a proof claim or otherwise participated in an individual capacity in Hazan's bankruptcy case, lacks standing to seek revocation. Pursuant to 11 U.S.C. §1109(b), only "[a] party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any

indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter." A party in interest must have "a direct legal interest in the case" and may only "assert that interest with respect to any issue to which it pertains." *In re JMP-Newcor International, Inc.*, 225 B.R. 462, 464 (Bankr. N.D. Ill. 1998) (citations omitted). As Kosachuk has no claim against Hazan, he is unaffected by the confirmation of Hazan's plan. NLG also lacks standing regarding confirmation of Hazan's plan because it holds no allowed claim. *See, e.g.*, *In re Flintkote Co.*, 526 B.R. 515, 520 (D. Del. 2014) (purported creditor lacked standing to challenge plan confirmation "because all of its asserted claims were untimely or disallowed"); *In re Delta Air Lines, Inc.*, 374 B.R. 516 (Bankr. S.D.N.Y. 2007)." See Order Dismissing NLG and Kosachuk's Complaint to Revoke Confirmation Order and Discharge Order. (BK A.P. 18-01492- AJC C.P. 35.).

The Bankruptcy Court also ruled on April 2, 2022, that "Additionally, because Mr. Kosachuk has been finally determined to have no further claim to Debtor's homestead property, yet he has filed a seventh lis pendens on Debtor's property based on an extinguished and satisfied claim, the Court believes an injunction is appropriate." *See* Order Granting Liza Hazan's Motion for Contempt to Strike Lis Pendens and Impose Sanctions and for Entry of Final Judgment and injunctive Relief. (BK MC C.P. 1073).

**MEMORANDUM OF LAW**

### I. Appellant Lacks Standing to Appeal

Standing cannot be waived and may be raised at any time. *See, e.g., Eldorado Canyon Prop., LLC v. JPMorgan Chase Bank, N.A. (In re Eldorado Canyon Prop., LLC)*, 505 B.R. 598, 599-600 (B.A.P. 1st Cir. 2014);

Appellate standing in bankruptcy cases is more limited than Article III standing or the prudential requirements associated therewith." *In re Brown*, 507 B.R. 31 (B.A.P. 6th Cir. 2014) *citing Harker v. Troutman (In re Troutman Enters.*), 286 F.3d 359, 364 (6th Cir.2002).

The 11th Circuit Court of Appeal has "adopted the person aggrieved doctrine as our standard for determining whether a party can appeal a bankruptcy court's order." *In re Ernie Haire Ford, Inc.*, 764 F.3d 1321, 1325 (11th Cir. 2014). "The person-aggrieved doctrine is *more restrictive than traditional Article III standing*." *Aurelius Capital Master, Ltd. v. Tousa Inc.*, No. 08-61317-CIV, 2009 WL 6453077, at *7 (S.D. Fla. Feb. 6, 2009) (emphasis in original). "Because bankruptcy cases typically affect numerous parties, the person aggrieved test demands a higher causal nexus between act and injury." *Fisher Island Ltd. v. Fisher Island Investments, Inc.*, 518 F. App'x 663, 665 (11th Cir. 2013).

The person aggrieved doctrine limits the right to appeal a bankruptcy court order to "those parties having a direct and substantial interest in the question being appealed." *In re Ernie Haire Ford, Inc.*, 764 F.3d 1321, 1325 (11th Cir. 2014) *quoting Westwood Cmty. Two Ass'n v. Barbee (In re Westwood Cmty. Two Ass'n)*, 293 F.3d 1332, 1335 (11th Cir.2002).

At the time of appeal and at present, the Appellant lacks standing to compel the reorganized and Discharged Debtor Hazan to move to dismiss Ms. Hazan Chapter 11 case because he is not an aggrieved person.

The Final Judgment determined that the Appellant's company NLG does not have standing in the bankruptcy case and does not have a claim. Kosachuk is not a creditor in the Hazan Bankruptcy case nor is he an interested party who has a stake in the outcome of this case or in the administration of the bankruptcy estate.

On September 19, 2019, the U.S. District Court for the Southern District of Florida ("FLDC") Judge Rodney Smith Dismissed the NLG appeal of the Cristol Final Judgment concluding that the appeal was equitably moot, after being substantially consummated.

On September 1, 2021, the U.S. Court of Appeals for the Eleventh Circuit ("USCA, 11th Cir.") affirmed Florida District Court Judge Rodney Smith's decision and order dismissing of the NLG appeal of the Cristol Final Judgment.

On October 25, 2021, the USCA, 11th Cir. entered an Order Denying NLG's Petition for Rehearing of its September 1, 2021, Order dismissing the NLG appeal of the Cristol Final Judgment.

 On November 23, 2021, the USCA, 11th Cir. Issued the Mandate.

Therefore, the Appellant lacks standing to move to dismiss Ms. Hazan's case or appeal the Order Denying his Motion to Dismiss Ms. Hazan's case which he does not have a pecuniary interest in as Kosachuk or NLG was not going to receive any property under the Plan. *See In re Ernie Haire Ford, Inc.*, 764 F.3d 1321, 1327 (11th

Cir. 2014) (former creditor whose only role in bankruptcy case is as a defendant in adversary lacked standing to appeal debtor's confirmation Order).

On April 2, 2022, the Bankruptcy Court entered an Order finding Appellant Kosachuk in contempt of Court for filing a seventh lis pendens on Hazan's Fisher Island residence also ruling that "Having determined that Chris Kosachuk is in contempt of Court for filing the seventh lis pendens in violation of the Confirmation Order and discharge injunction." The Bankruptcy Court also threatened Mr. Kosachuk with "monetary sanctions [of $10,000/day] and incarceration." (BK M.C. C.P. 1073).

Thereafter, the Bankruptcy Court stated "The Court stated on the record that, as the record stood, it was not persuaded to reconsider it's [*sic*] prior Order, but nonetheless allowed Mr. Kosachuk every opportunity to defend against the requested sanctions (BK M.C.C.P. 1134)."

On June 28, 2022, the Court entered an Order Granting Hazan's Expedited Motion for Contempt, to Strike eight lis pendens and to impose Sanctions. "The Court determines that Christopher Kosachuk is in contempt of Court for filing the Eighth Lis Pendens in violation of the Confirmation Order, the Injunction Order and discharge injunction. The Court Ordered and Adjudged that "The Eighth Lis Pendens recorded on March 30, 2022, at Book 33096 Pages 4285- 4286 CFN 2022R0257478 is DISSOLVED, DISMISSED, DISCHARGED, AND RELEASED,
with prejudice, and deemed null and void. All other past, present and future lis pendens recorded by Chris Kosachuk or Christopher Kosachuk, or his

representatives, attorneys, or agents, are deemed null and void and shall be immediately DISSOLVED, DISMISSED, DISCHARGED AND RELEASED, with prejudice, and of no effect.

The Court has stated on the record that Chris Kosachuk has no standing in this case, and the Court believes that his prior filings were improper efforts to prevent Ms. Hazan from selling or refinancing her property and completing her Plan.

Should Kosachuk, or any agent or attorney acting on behalf of Kosachuk, take any action that results in the delay of the sale or refinancing of the Debtor's homestead property, the Court, upon the filing of an affidavit by Ms. Hazan or her counsel to that effect, will direct the United States Marshal to take Christopher Kosachuk into custody and to detain Mr. Kosachuk in custody until such time as Ms. Hazan is able to complete a closing on her homestead property."

## II. Res Judicata and Collateral Estoppel

Collateral estoppel and *res judicata* are judicial doctrines that prevent the same parties from relitigating the issues that have already decided in a prior action. *See Topps v. State,* 865 So. 2d 1253, 1254–55 (Fla. 2004). "The doctrine of res judicata (or claim preclusion) prohibits successive litigation of the very same claim by the same parties." *Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292, 2305 (2016) (citation and internal quotation marks omitted). This prohibition bars "the parties or their privies from relitigating issues that were or could have been raised" in a prior action that resulted in a final judgment on the merits. *Allen v. McCurry*,

449 U.S. 90, 94 (1980); *see also Maldonado v. U.S. Atty. Gen.*, 664 F.3d 1369,

1375 (11th Cir. 2011).

To invoke *res judicata*, the movant must establish four elements: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999); *see also Kaiser Aerospace & Elecs. Corp. v. Teledyne Indus., Inc. (In re Piper Aircraft Corp.*), 244 F.3d 1289, 1296 (11th Cir.2001). If a party satisfies all four elements, the court questions whether the claim in the new suit was or could have been raised in the prior action; if yes, *res judicata* applies. *See In re Piper Aircraft Corp.*, 244 F.3d at 1296. Kosachuk and NLG are in privity with each other and meet one of the six exceptions to nonparty preclusion:

> The rule against nonparty preclusion . . . is subject to six categories of exceptions. A court may apply nonparty preclusion if: (1) the nonparty agreed to be bound by the litigation of others; (2) a substantive legal relationship existed between the person to be bound and a party to the judgment; (3) the nonparty was adequately represented by someone who was a party to the suit; (4) the nonparty assumed control over the litigation in which the judgment was issued; (5) a party attempted to relitigate issues through a proxy; or (6) a statutory scheme foreclosed successive litigation by nonlitigants.

*Griswold v. Cty. of Hillsborough*, 598 F.3d 1289, 1292 (11th Cir. 2010)

(internal citations omitted). *Res judicata* applies and that the Court

should dismiss this appeal.

While *res judicata* acts as a bar to the relitigation of claims, "collateral estoppel precludes the relitigation of an issue that has already been litigated and resolved in a prior proceeding." *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354,

1359 (11th Cir. 1998). To invoke collateral estoppel, a party must establish the following four essential elements:

> (1) the issue at stake must be identical to the one involved in the prior litigation; (2) the issue must have been actually litigated in the prior suit; (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that action; and (4) the party against whom the earlier decision is asserted must have proceeding.

*I.A. Durbin, Inc. v. Jefferson Nat. Bank*, 793 F.2d 1541, 1549 (11th Cir. 1986). Like *res judicata*, collateral estoppel examines the identity and privity of the parties to determine whether it applies. *See E.E.O.C. v. Pemco Aeroplex, Inc.*, 383 F.3d 1280, 1285 (11th Cir. 2004) ("If identity or privity of parties cannot be established, then there is no need to examine the other factors in determining whether res judicata or collateral estoppel applies.").

On October 29, 2021, the Bankruptcy court denied Kosachuk's Motion to Dismiss (BK MC C.P. 1048). (BK MC C.P. 1060). The Court held that "**THIS CAUSE** came before the Court upon *NLG, LLC, Chris Kosachuk and Juan*

*Ramirez, Jr.'s Joint Motion to Dismiss Case with Prejudice* and the Reorganized and Discharged Debtor's Response in Opposition.  The Court having reviewed the record, and having considered the Motion and the Response, denies the Motion and cancels the hearing scheduled thereon. As the Eleventh Circuit Court of Appeals has affirmed, movants are not creditors of this Debtor or the bankruptcy estate and therefore have no standing to pursue dismissal. The movants' non-creditor status was affirmed following consummation of the confirmed plan, which the movants did not stay upon appeal. The Court finds no basis in law or fact alleged in the Motion that would support dismissal of this case, at this juncture, upon the request by non-interested parties who have no standing.  It

is therefore ORDERED AND ADJUDGED that *NLG, LLC, Chris Kosachuk and Juan Ramirez, Jr.'s Joint Motion to Dismiss Case with Prejudice* is DENIED."

> The appealed Order is res judicata and collateral estoppel. Kosachuk can't pursue this appeal.

*I.*      The Appeal should be dismissed as Moot.

Under Article III of the United States Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. U.S. CONST. ART. III; *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477 (1990). "It has long been settled that a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" *Church of Scientology of California*

*v. United States*, 506 U.S. 9, (1992) (*quoting Mills v. Green*, 159 U.S. 651, 653, (1895); *Lewis*, 494 U.S. at 477 (Article III confines federal courts to resolving controversies admitting of specific relief, not advising what the law would be on a hypothetical state of facts). The Eleventh Circuit has held that mootness applies in bankruptcy proceedings. *In re Miami Ctr. Ltd. P'ship.*, 838 F.2d 1547 (11th Cir.1988).

A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief. *Pacific Ins. Co. v. General Dev. Corp.*, 28 F.3d 1093, 1096 (11 Cir. 1994); *Ethredge v. Hail*, 996 F.2d 1173, 1175 (11th Cir.1993); *see also*, *IAL Aircraft Holding, Inc. v. Federal Aviation Admin.*, 216 F.3d 1304, 1305-06 (11th Cir. 2000) (case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome). Courts should consider issues of mootness *sua sponte* and, absent an applicable exception to the mootness doctrine, to dismiss any appeal that no longer presents a viable case or controversy. *Pacific Ins.*, 28 F.3d at 1096.

"Central to a finding of mootness is a determination by an appellate court that it cannot grant effective judicial relief." *In re Club Assocs.*, 956 F.2d 1065, 1069 (11th Cir. 1992). "Put another way, the court must determine whether the 'reorganization plan has been so substantially consummated that effective relief is no longer available.'" *Id. quoting Miami Center Ltd. Partnership v. Bank of New York,* 820 F.2d 376, 379 (11th Cir.1987).

The Eleventh Circuit added the following as "subsidiary questions" to determine when engaging in a mootness inquiry as to whether a confirmation plan

has progressed so far that effective judicial relief is no longer possible:

> Has a stay pending appeal been obtained? If not, then why not? Has the plan been substantially consummated? If so, what kind of transactions has been consummated? What type of relief does the appellant seek on appeal? What effect would granting relief have on the interests of third parties not before the court? And, would relief affect the re-emergence of the debtor as a revitalized entity?

*In re Club Assocs.*, 956 F.2d 1065, 1069 n. 11 (11th

Cir. 1992). 11 U.S.C. §1101 defines "substantial

consummation" as:

(A) transfer of all or substantially all of the property proposed by the plan to be transferred;

(B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and

(C) commencement of distribution under the plan.

Consistent with *Club Assoc.* and the Bankruptcy Code definition of "substantial consummation", Appellee has substantially consummated the plan by, among other things: (i) transferring all or substantially all of the property to be transferred under the Plan; (ii) assuming all obligations under the Plan; and (iii) making all distributions required under the Plan. The interests of innocent third parties, such as allowed claimants of the Appellee who received payment, and Appellee would risk if the confirmed plan were undone. *In re Club Assocs.*, 956 F.2d 1065, 1070 (11th Cir. 1992) (need to protect parties interest under a confirmed plan which was substantially consummated supported finding of mootness); (BK M.C. C.P. 703). Further, like the party in *Club Assoc.* who had their appeal dismissed, the

Appellant failed to seek a stay of the confirmation Order. *In re Club Assocs.*, 956 F.2d 1065, 1071 (11th Cir. 1992) ("First Union should have moved the bankruptcy court to stay the order [before the acts which constituted substantial consummation occurred"). Where a party fails to seek stay of the confirmation order, as is the case here, and the plan is substantially consummated, then dismissal of the appeal of the confirmation Order is appropriate. *Aurelius Capital Master, Ltd. v. Tousa Inc.*, No. 08-61317- CIV, 2009 WL 6453077, at *10 (S.D. Fla. Feb. 6, 2009) ("Although not dispositive to the availability of judicial relief, courts have declined to entertain any challenge to a confirmation plan which seeks to modify or amend its provisions, when, in absence of a stay, substantial consummation of the plan has been achieved.").

The Plan has been substantially consummated. Appellee has made all Plan payments, those creditors entitled to payments under Plan have received same, and the Appellee has sought and was granted a discharge after substantial consummation of the Plan. An appeal of the Appealed Order is moot. Further, it would be inequitable to allow an appeal of the Appealed Order Granting Liza Hazan's Expedited Motion for Contempt, to Strike Eight Lis Pendens and to Impose Sanctions [ECF No. 1 pages 5-9][1] signed on November 1, 2022, by U.S. Bankruptcy Judge A. Jay Cristol, docketed on June 28, 2022 (the "Order") and corresponding final money judgment signed on November 7, 2022 and entered on the docket on November 8, 2022 [ECF No. 1 pages 10-11] (the "Money Judgment"). Accordingly, dismissing the appeal as moot is appropriate.

Judge Scola dismissed Kosachuk's three appeals of Judge Cristol's Orders, Order of contempt, Order Denying Motion to compel Reports, Order Denying

Kosachuk's motion to dismiss. Judge Martinez also dismissed Kosachuk's appeal of Judge Cristol's Order denying Kosachuk's motion to recuse Judge Cristol. Both Judges Scola and Martinez dismissed Kosachuk's appeals, affirming Judge Cristol's decisions concluding that **Chris Kosachuk lacks standing to appeal any order of the bankruptcy court.**

On September 29, 2022, Judge Scola granted Hazan's motion and dismissed the appeal with prejudice affirming the Bankruptcy Court.

"Nevertheless, Kosachuk recently placed a lien on the Fisher Island home for the eighth time, which interfered with its sale/refinancing as part of Hazan's bankruptcy case. Kosachuk's actions put him in plain violation of the Bankruptcy Court's order of April 2, 2022, which enjoins him from placing a lis pendens on the property and from "taking any other action in contravention" of the final judgment in the adversary proceeding. (*See* BC ECF No. 1073 at 4.)

The Bankruptcy Court found Kosachuk in contempt and dissolved the lis pendens. The Bankruptcy Court also reiterated that it had previously "stated on the record that Chris Kosachuk has no standing and this case, and the Court believes his prior filings were improper efforts to prevent Ms. Hazan from selling or refinancing her property and completing her Plan." (BC ECF No. 1194 at 3.) It is this order that Kosachuk appeals, alongside "all orders and decisions antecedent and ancillary thereto[.]" (ECF No. 1 at 1.)

This Court functions as an appellate court when reviewing the Bankruptcy Court's orders. *See In re Rudolph*, 233 Fed. App'x 885, 886-87 (11th Cir. 2007) (citing *In re JLJ Inc.*, 988 F.2d 1112, 1116 (11th Cir. 1993)). Interpretations of the Bankruptcy Code are questions of law that this Court reviews de novo. *Pollitzer v. Gebhardt*, 860 F.3d 1334, 1338 (11th Cir. 2017). Although the Bankruptcy Court's legal conclusions are reviewed de novo, this Court must accept the Bankruptcy Court's factual findings unless they are clearly erroneous. *In re Rudolph*, 233 Fed. App'x at

886-87. A judgment is clearly erroneous where, "although there is evidence to support it, the reviewing court on review of the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re Paramount Citrus, Inc.*, 268 B.R. 620, 621 (M.D. Fla. 2001).

Kosachuk's appeal is nothing more than a collateral attack on the final judgment in the adversary proceeding. That is evidenced, in part, by the arguments he makes now: "The bankruptcy court failed to recognize that the void $5 million New York Judgment by Confession that it enforced against NLG's Final Judgment of Foreclosure is still subject to attack because there is no statute of limitations on challenging a void judgment[.]" (ECF No. 30 at 16.)

By challenging the Bankruptcy Court's authority to find him in contempt of its order enjoining any action in contravention of the final judgment, Kosachuk necessarily attempts to re-litigate the validity of that final judgment, which has been upheld by this Court and the Eleventh Circuit.

Thus, the Court agrees with Hazan that Kosachuk's appeal is barred by the doctrine of res judicata. Res judicata bars a judicial action seeking to re- litigate claims where "(1) [a] prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same." *See Sealey v. Branch Banking & Tr. Co.*, 693 Fed. App'x 830, 834 (11th Cir. 2017); *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1187 (11th Cir. 2003) (cleaned up).

*First*, there can be no question that the Bankruptcy Court is one of competent jurisdiction. Its judgment has been upheld by this Court and the Eleventh Circuit. *Second*, it is doubtless that the Bankruptcy Court's final judgment in the adversary proceeding adjudicates the merits of NLG's once- asserted claim to the Fisher Island property. *Third*, privity exists between NLG and Kosachuk so as to render them "identical" for purposes of res judicata. *See MSP Recovery Claims, Series LLC v. Esurance Prop. & Cas. Ins. Co.*, No. 20- 23590-CIV, 2021 WL 7540811, at *4 (S.D. Fla. Apr. 8, 2021) (Torres, Mag. J.).

Kosachuk's own behavior demonstrates this. Unhappy with the outcome against NLG, Kosachuk has abandoned corporate formalities and taken matters into his own hands. *Fourth*, by placing a lis pendens on the property, Kosachuk necessarily attempted to re-assert the same legal interest that was legally extinguished by the Bankruptcy Court's final judgment.

Against this backdrop, the Court finds no issue with the Bankruptcy Court's order (BC ECF No. 1194), which does nothing but seek to prevent Kosachuk's further attempts at undermining its final judgment in the adversary proceeding. To be sure, Section 105 of the Bankruptcy Code authorizes the Bankruptcy Court to take "any action or mak[e] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a). Kosachuk's filing of a lis pendens was indeed a sufficient basis for the Bankruptcy Court

to find him in contempt of its order. *See Catanzarite v. Mikles*, 20-61032- CIV, 2021 WL 7368741, at *4 (S.D. Fla. July 28, 2021) (Smith, J.), *aff'd*,

2022 WL 703963 (11th Cir. Mar. 9, 2022) (the filing of a lis pendens violated a Bankruptcy Court injunction). The Bankruptcy Court had also previously admonished Kosachuk against placing lis pendenses on the property, as the instance on appeal was not his first time.

Separately, before concluding, the Court remarks that Kosachuk seems to misunderstand the concept of standing. Kosachuk argues that the Bankruptcy Court was wrong to find that he had no standing because he is directly affected by the contempt order. For that reason, Kosachuk argues that he has "standing to challenge the confirmed bankruptcy plan[.]" (ECF No. 30 at 18.) This argument makes little sense. While Kosachuk may have standing to challenge the contempt order entered against him, that does not grant him standing as to the *underlying case*. Nor does he have standing to challenge the confirmed plan on the basis of Hazan's purported failure to make payments to the IRS. (ECF No. 30 at 8, 18.) Accordingly, the Court **grants** Hazan's motion (**ECF No. 10**) and **dismisses** this appeal with prejudice. The Bankruptcy Court is **affirmed**.

Any other pending motions are **denied as moot**. The Court suspends any pending deadlines and/or hearings and **directs** the

Clerk to **close** this case.

*See* case 22-cv-22701 RNS Document 34.

Judge Scola dismissed Kosachuk's appeal of Order denying his motion to dismiss case holding as follows;

Kosachuk argues that because he is directly affected by the separate contempt order that the Bankruptcy Court entered, he has "standing to challenge the confirmed bankruptcy plan[.]" (ECF No. 30 at 26.) This argument makes little sense. While Kosachuk may have standing to challenge the contempt order entered against him, that does not grant him standing as to the *underlying case*. Nor does he have standing to challenge the confirmed plan on the basis of Hazan's purported failures under it. (ECF No. 30 at 12.)

The Bankruptcy Court previously found Kosachuk to lack standing because he is "not a creditor in this case nor is he an interested party who has a stake in the outcome of this case or in the administration of the bankruptcy estate." (BC ECF No. 1106.) Indeed, "neither NLG nor Chris Kosachuk have a lien on Debtor's property . . . [and] any alleged lien of NLG

on Debtor's property was extinguished or satisfied." (BC ECF No. 932 at 5.) These findings are consistent with the Bankruptcy Court's final judgment in the adversary proceeding, which was handed down in 2017 and has been upheld on review by this Court and the Eleventh Circuit. The Court thus finds that that the Bankruptcy Court's order was proper.

By way of his motion now on appeal, Kosachuk purported to dismiss the entirety of the bankruptcy case, which has been in the making for six years.

The Court agrees with Hazan that Kosachuk's instant appeal is subject to preclusion under the doctrine of equitable mootness. Indeed, Kosachuk's appeal is nothing more than a collateral attack on the final judgment of the adversary proceeding, which was handed down five years ago. That is evidenced by the arguments he makes on appeal, which focus entirely on re- hashing the points discussed in his motion to dismiss. In fact, Kosachuk

devotes a mere two pages, at the end of his brief, to discussing his "standing." (ECF No. 16 at 25-26.)

The doctrine of equitable mootness applies "in appeals that effectively seek to modify or amend a plan's provisions." *See In re Hazan*, 10 F.4th 1244, 1252 (11th Cir. 2021) (cleaned up). "Among the factors a court should consider in deciding whether to dismiss an appeal for equitable mootness are whether the appellant has obtained a stay pending appeal, whether the plan has been substantially consummated, and whether third parties' rights or the debtor's ability to successfully reorganize would be adversely affected by granting the relief sought by the appellant." *Id.*

All factors here weigh in favor of finding Kosachuk's appeal being found equitably moot. It is not apparent from the record that a stay has been entered pending this appeal; the Eleventh Circuit already found that the "Plan has been substantially consummated," *id.* at 1253; and it is doubtless that parties' rights would be adversely implicated by dismissing the case at this juncture.

Conclusion

Accordingly, the Court **grants** Hazan's motion (**ECF No. 10**) and **dismisses** this appeal with prejudice. The Bankruptcy Court is **affirmed**.

See case 22-cv-22351-RNS Doc 20 dated September 29, 2022.

On January 31, 2023, District court Judge Martinez *sua sponte* dismissed Kosachuk's

appeal of the Bankruptcy court's Order denying Kosachuk's motion to recuse Judge A. Jay
Cristol holding:

**Mr. Kosachuk attempts to manufacture standing …**" "Allowing appeals from parties who have suffered only an indirect harm or who hold interests outside the scope of the Bankruptcy Code," like Kosachuk, "would defeat the very purpose underlying [the Eleventh Circuit's] person aggrieved standard." *In re Ernie Haire Ford, Inc.*, 764 F.3d 1321, 1326 (11th Cir. 2014). Indeed, the Honorable Robert N. Scola has just recently dismissed an appeal from the bankruptcy proceedings due to Kosachuk's lack of standing. *See Kosachuk v. Hazan*, Case No. 22-cv-21485-RNA (ECF No. 21) (S.D. Fla. Oct. 10, 2022)." "Appellant is a frequent filer who has repeatedly, and over the course of several years, attempted to insert himself in the bankruptcy proceedings involving Ms. Hazan. Those attempts have been repeatedly denied. Ultimately, sanctions were entered against Mr. Kosachuk for his violation of numerous orders entered by Judge Cristol. (ECF No. BK-1341 at 2; *see also* ECF No. BK-1349). "Clearly, Mr. Kosachuk is unhappy with the how the bankruptcy proceedings have progressed." Standing to appeal a bankruptcy court order is limited "to those individuals who have a financial stake in the order being appealed." *In re Westwood Cmty. Two Ass'n, Inc.*, 293 F.3d 1332, 1335 (11th Cir. 2002). Under this principle— "the person-aggrieved doctrine"—a person is considered to have a financial stake in a bankruptcy- court order "when that order 'diminishes their property, increases their burdens or impairs their rights.'" *Id.* (citation omitted). **Mr. Kosachuk is not a creditor in the bankruptcy case, and he does not identify any tangible stake he has in the outcome or administration of the bankruptcy case. His dissatisfaction with the process does not, by itself, confer standing.**" "**Mr. Kosachuk attempts to manufacture standing …**" Mr. Kosachuk himself is not a creditor, had any direct or adverse impact on him pecuniarily. "Allowing appeals from parties who have suffered only an indirect harm or who hold interests outside the scope of the Bankruptcy Code," like Kosachuk, "would defeat the very purpose underlying [the Eleventh Circuit's] person aggrieved standard." *In re Ernie Haire Ford, Inc.*, 764 F.3d 1321, 1326 (11th Cir. 2014). Indeed, the Honorable Robert N. Scola has just recently dismissed an appeal from the bankruptcy proceedings due to Kosachuk's lack of standing. *See*

*Kosachuk v. Hazan*, Case No. 22-cv-21485-RNA (ECF No. 21) (S.D. Fla. Oct. 10, 2022)." "For the

foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that this appeal is **DISMISSED** *sua sponte* for lack of standing. *See In re Vick*, 233 F. App'x 897, 899 (11th Cir. 2007) (affirming *sua sponte* dismissal of bankruptcy appeal for lack of standing)." *See* Case 22-22781-CIV-MARTINEZ.

## CONCLUSION

For the foregoing reasons, the Appellee Liza Hazan a/k/a Elizabeth Hazan respectfully  requests that the Court enter an order (i) dismissing the appeal for lack of standing; (ii) dismissing the appeal for res judicata and collateral estoppel; (iii) dismissing the appeal as moot; and (iv) granting such other and further relief as the Court deems just and proper.

## CERTIFICATION PURSUANT TO LOCAL RULE 2090-1(A)

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with additional qualifications to practice in this court set forth in Local Rules 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 7th day of April, 2023, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

Respectfully submitted.

JOEL M. ARESTY, P.A.
*/s/ Joel M. Aresty*
Joel M. Aresty
3091st Ave S
Tierra Verde, FL 33715
Phone: 305-899-9876
Fax: 305-723-7893
Aresty@Mac.com
Fla. Bar No. 197483
*Counsel for Appellee*

## CERTIFICATE OF COMPLIANCE

This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font. I hereby certify this Memorandum complies with Fed. R. App. P. 32(a)(5) and (6) because it uses Times New Roman 14-point font from Microsoft Word and contains 9,605 total words.

Respectfully submitted,

JOEL M. ARESTY, P.A.
Board Certified Business Bankruptcy Law
*/s/ Joel M. Aresty*
309  1st Ave S.
Tierra Verde, FL 33715
Phone: 305-899-9876
Fax: 305-723-7893
Fla. Bar No. 197483
/s/Joel M. Aresty
Joel M. Aresty
Counsel for Appellee

CERTIFICATE OF SERVICE

I electronically filed the foregoing document using the Court's CM/ECF system, which will electronically serve a copy of the foregoing document on all counsel of record.

/s/ Joel M. Aresty
Joel M. Aresty
Counsel for Appellee